IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


APRIL D. SEAL                                                                                         PLAINTIFF

v.                                          CIVIL NO. 18-03093

ANDREW SAUL[1], Commissioner                                                           DEFENDANT
Social Security Administration


**MEMORANDUM OPINION**

Plaintiff, April D. Seal, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application on October 6, 2015. (Tr. 20). In her application, Plaintiff alleged disability beginning on May 18, 2015, due to: degenerative disc disease; osteoarthritis; nerve damage in her back and right foot; lymphedema; swelling in her foot and leg; her right foot turning purple; right ankle pain; Achilles tendon pain; and an inability to stand more than an hour and a half without pain. (Tr. 20, 225, 229). An

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

administrative hearing was held on December 1, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 39-75).

By written decision dated January 4, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: diabetes mellitus, peripheral neuropathy, osteoarthritis, degenerative disc disease, obesity, and chronic venous insufficiency. (Tr. 22). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 22-23). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) except that she could frequently handle and finger bilaterally and frequently operate foot controls bilaterally. (Tr. 23-28).

The ALJ found Plaintiff would be unable to perform her past relevant work but would be able to perform the representative occupations of document preparer, escort vehicle driver, or some subcategories of small product assembler such as a slide-fastener-chain assembler. (Tr. 28-29).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's sole argument on appeal is that the ALJ's RFC determination is unsupported by substantial evidence. (Doc. 13). More specifically, Plaintiff argues the ALJ's finding that she could frequently operate foot controls was entirely inconsistent with her treatment history. Id. The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 27th day of November 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE